IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LARRY ALLEN SLEDGE, | ) |
| Plaintiff | ) 2:24-CV-01079-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| JANE DOE, NURSE AT S.C.I. FAYETTE;<br>SGT. MAYERICH, SARGENT AT S.C.I.<br>FAYETTE; C.O. KIRKLAND, OFFICER<br>AT S.C.I. FAYETTE; L. ALLEN, MAIL<br>ROOM SUPERVISOR; TINA WALKER,<br>SUPERINTENDANT AT S.C.I. FAYETTE;<br>AND A. TRAFFICANTE, MAIL ROOM<br>SUPERVISOR; | ) MEMORANDUM ORDER DENYING<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>) ECF NO. 42 |
| Defendants | ) |

Plaintiff Larry Allen Sledge ("Sledge") has filed a motion for summary judgment. For the reasons that follow, the motion will be DENIED.

Sledge, a pro se prisoner, has filed a Second Amended Complaint against several employees of the Pennsylvania Department of Corrections in which he asserts claims for violation of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution. *See* ECF No. 22, pp. 4-5 (Second Amended Complaint). The Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint. ECF No. 37. Sledge has filed a memorandum in opposition. ECF No. 40.

While the Defendants' motion has been pending, Sledge filed a motion requesting the entry of summary judgment against all Defendants. Sledge's motion complies with none of the requirements of this Court's Local Rule 56, which "govern[s] all motions for summary judgment

1

made in civil actions" unless otherwise ordered by the Court. Local Rule 56B specifies the submissions required for a properly filed motion for summary judgment. It provides:

> B. **Motion Requirements**. The motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by the following:
>
> 1. A Concise Statement of Material Facts. A separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment, which the moving party contends are undisputed and material, including any facts which for purposes of the summary judgment motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact;
>
> 2. Memorandum in Support. The supporting memorandum must address applicable law and explain why there are no genuine issues of material fact to be tried and why the moving party is entitled to judgment as a matter of law; and
>
> 3. Appendix. Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

LCvR 56B.

Sledge has not filed a concise statement of material facts, let alone one that includes proper citations to the record; he has not filed a memorandum of law in support of his motion, let alone one supporting his entitlement to judgment as a matter of law; and he not filed an appendix of exhibits supporting his concise statement of material facts. His motion includes no specification of the conduct of each Defendant upon which he bases an entitlement to judgment against him or her. Thus, while Sledge labels his motion as one for summary judgment, it in no way qualifies as such.

And even if Sledge's motion satisfied the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56B, it would be premature. Although Rule 56 permits a plaintiff to file a motion for summary judgment before a responsive pleading, "[w]hether a motion is appropriate so early in the case depends on the circumstances." Summary Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary (Feb. 2021). The advisory committee note to Rule 56 counsels that "[a]lthough the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases, the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56 advisory committee's notes (2010); *see also* Rule 56, Summary Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary (Feb. 2021) ("It generally does not make sense for the court to act on plaintiff motions filed before the defendant answers. In most cases, it is preferable to wait and see whether the defendant is opposing the complaint and on what basis.").] The decision whether to consider or dismiss as premature a plaintiff's motion for summary judgment filed before a defendant's answer is left to the sound discretion of the District Court. *See* Fed. R. Civ. P. 56 advisory committee's notes (2010) ("Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case."); *see also Ferreiras v. York County, Pennsylvania*, 2006 WL 1967365, at *2 (M.D. Pa. July 12, 2006) ("[T]he district court is empowered with discretion to decide whether the movant's motion [for summary judgment] is ripe."). Here, Sledge has filed his motion while Defendants' motion to dismiss remains pending and before a responsive pleading has been filed or any discovery taken. This type of "premature motion for summary judgment is unhelpful to both the parties and the Court." *Sam Mannino Enters., Inc. v. CIT Railcar Funding Co., LLC*, 2021 WL 2376662, at *2 (M.D. Pa. June 10, 2021).

Because Sledge's motion for summary judgment fails to comply with any of the basic requirements for such a motion and is premature, it is hereby DENIED without prejudice.

SO ORDERED this 13th day of November, 2025.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE