IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY ALLEN SLEDGE, ) | |
| ) | No. 2:24-cv-1079 |
| Plaintiff ) | |
| ) | RICHARD A. LANZILLO |
| v. ) | Chief United States Magistrate Judge |
| ) | |
| JANE DOE, et al., ) | MEMORANDUM ORDER |
| ) | |
| Defendants ) | ECF NO. 44 |

Pending before the Court is Plaintiff Larry Allen Sledge's motion for preliminary injunction [ECF No. 44]. Plaintiff's motion alleges that personnel at the State Correctional Institution at Fayette, where he is incarcerated, have withheld, or otherwise failed to deliver, books he ordered through the mail that he requires to complete a remote paralegal class by a deadline of November 20, 2025. *See* ECF No. 44, pp. 1-2. He seeks "injunctive relief for the $60.00 he paid on 9-26-2025, and to be compensated for the amount of the program in the amount of $1000.00, as he will not be able to complete the program… and compensated for emotional distress from not completing his new career as a paralegal…". *Id.*, p.2. For the following reasons, Plaintiff's motion will be DENIED.

The Court considers four factors in assessing a motion for a preliminary injunction. They are: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997) (citing *American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. of Educ.*, 84 F.3d 1471, 1477 n. 2 (3d Cir.1996) (in banc)). The first two

factors are the "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017), as amended (June 26, 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Only if the movant satisfies these "gateway factors" will "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

Plaintiff's motion fails because its own allegations demonstrate that he seeks purely compensatory damages for past harm, not relief to prevent imminent, irreparable future harm. This forecloses the entry of a preliminary injunction. *See Boyd v. Larson*, 2017 WL 1904278, at *3 (M.D. Pa. Apr. 21, 2017) (holding that "[a] preliminary injunction cannot be issued based on past harm") (quoting *Fischer v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997)). *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (preliminary injunctive relief may only issue where the injury is of a "peculiar nature, so that compensation in money cannot atone for it"); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (plaintiff must allege an injury that cannot ultimately be "redressed by a legal or an equitable remedy following trial").

Plaintiff's motion also must be denied because it is not tethered to the claims asserted in his operative Second Amended Complaint [ECF No. 22]. The Second Amended Complaint asserts constitutional and state law claims based on allegations that the named defendants acted with deliberate indifference to his serious medical needs. These claims are entirely distinct from the interference with his mail claim underlying his motion for injunctive relief. The purpose of a preliminary injunction is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *St. Thomas-St. John Hotel & Tourism Ass'n. Inc. v. Gov't of U.S. Virgin Islands ex rel. Virgin Islands Dept. of Labor*, 357 F.3d 297, 301 (3d Cir. 2004). Consequently, a

request for injunctive relief "must, of necessity, bear a relationship to the underlying merits of the suit." *Straton v. Tony*, 2006 WL 3840802, at *2 (W.D. Pa. Dec. 22, 2006) (citing *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994)). No such relationship exists here.

Plaintiff's motion for preliminary injunctive relief this therefore DENIED.

SO ORDERED, this 19th day of November, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge