IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | | |
|---|---|---|
| LARRY ALLEN SLEDGE, | ) | 2:24-CV-01079-RAL |
| Plaintiff | ) | |
| vs. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| JANE DOE, NURSE AT S.C.I.<br>FAYETTE, et al., | ) | MEMORANDUM ORDER DENYING<br>MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) | IN RE: ECF NO. 48 |

Plaintiff Larry Allen Sledge has filed a pro se motion for summary judgment. ECF No. 48. For the reasons that follow, the motion will be DENIED.

Sledge, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), has filed a Second Amended Complaint ("SAC") against several DOC employees, asserting claims for violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution. *See* ECF No. 22. The Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss the SAC for failure to state a claim upon which relief can be granted. ECF No. 37. Sledge filed a memorandum in opposition. ECF No. 40.

Thereafter, Sledge filed a motion requesting the entry of summary judgment against all Defendants. ECF No. 42. The Court denied that motion in a November 13, 2025 Order, finding Sledge's motion complied with none of the requirements of

Local Rule 56, which specifies the submissions required for a properly filed motion for summary judgment. ECF No. 43, pp. 1–2. The Court further reasoned that even if Sledge's motion satisfied the requirements of Fed. R. Civ. P. 56 and LCvR 56(B), such motion was premature because Defendants' motion to dismiss was still pending and no discovery had been taken. *Id.*, p. 3.

Sledge has again moved for the entry of summary judgment against Defendants Mayerich and Kirkland. ECF No. 48. Like his prior motion, however, Sledge's new motion fails to comply with the local and federal rules governing summary judgment motions.[1] In particular, Sledge fails to cite to any evidence of record to support the factual assertions in his concise statement of material facts. *See* ECF No. 52; LCvR 56(B)(1) ("[a] party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement . . . of the material fact"); Fed. R. Civ. P. 56(c)(1)(A) (party must support assertion of fact by "citing to particular parts of materials in the record"). He also has not filed an appendix of exhibits supporting his concise statement of material facts. *See* LCvR 56(B)(3). Additionally, like Sledge's prior motion, the instant motion is premature at this juncture. Defendants' motion to dismiss remains pending, no responsive pleading has been filed, and discovery has not yet commenced. As the

---

[1] Upon filing of the instant motion, the Court ordered Sledge to file a concise statement of material facts, including citations to the evidentiary record, and a signed brief in support of his motion. ECF No. 50. By that same Order, the Court directed Defendants to file a responsive concise statement of material facts. *See id.* Sledge filed his concise statement and signed brief on February 26, 2026. ECF Nos. 52 and 53. Defendants then moved for an extension of time to respond until discovery has been completed, urging they "are without an adequate record to admit or deny the facts alleged in Plaintiff's concise statement." ECF No. 54, p. 3. The Court will deny Defendants' request as moot by separate order.

Court previously admonished, "[t]his type of 'premature motion for summary judgment is unhelpful to both the parties and the Court.'"  ECF No. 43, p. 3 (quoting *Sam Mannino Enters., Inc. v. CIT Railcar Funding Co., LCC*, 2021 WL 2376662, at *2 (M.D. Pa. June 10, 2021)); *e.g.*, *Talbert v. Pennsylvania*, 2025 WL 984394, at *13 (M.D. Pa. Mar. 31, 2025).

Accordingly, because Sledge's motion for summary judgment fails to comply with the requirements for such a motion and is premature, it is hereby DENIED without prejudice.

SO ORDERED this 8th day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

3